UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No. 19cr374 RDM |
| | : | |
| v. | : | VIOLATION: |
| | : | |
| RUDY DEKERMENJIAN, | : | 18 U.S.C. § 371 (Conspiracy to Make Conduit Contributions, Make Excessive Contributions, Cause False Statements, and Cause False Entries in Records) |
| Defendant. | : | |

## STATEMENT OF OFFENSE

The United States of America (the "Government"), through its undersigned attorneys, respectfully submits the following Statement of Offense in the above-captioned case.

The following proffer of the Government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the Government.

Had this matter gone to trial, the Government's evidence would have shown, beyond a reasonable doubt, the following facts.

### Background

1. Defendant Ahmad "Andy" KHAWAJA was a resident of Los Angeles, California, and the Chief Executive Officer of an online payment processing company headquartered in West Hollywood, California ("Company A").

2. Defendant Rudy DEKERMENJIAN was a resident of Glendale, California, an attorney in the Los Angeles-area, and an attorney for Company A.

3. Defendant Mohammad "Moe" DIAB was a resident of Glendale, California, the cousin of KHAWAJA, and the Chief Operating Officer of Company A.

4. Candidate 1 was a candidate for the Office of the President of the United States in the 2016 election. In addition to his/her official campaign committee, Candidate 1 had two joint fundraising committees ("Political Committee 1" and "Political Committee 2") supporting his/her candidacy in 2016. Both committees were registered with the Federal Election Commission and subject to specified contribution limits, limiting the allowable contributions by individuals in the 2016 election cycle.

5. Political Committee 7 was a national political party committee registered with the Federal Election Commission ("FEC") and subject to specified contribution limits, limiting the allowable contributions by individuals in 2018.

## The Contribution Scheme

6. From in or about March 2016 through in or about June 2018, in the District of Columbia and elsewhere, KHAWAJA conspired with others, including DEKERMENJIAN, to commit offenses against the United States by willfully making contributions to political committees in the names of others, by circumventing the contribution limits prescribed by law, and by causing the political committees to unwittingly submit material, false statements and reports to the FEC.

## DEKERMENJIAN's Role in the Scheme

7. On or about October 7, 2016, DIAB wrote a $50,000 check to DEKERMENJIAN at KHAWAJA's direction. On or about October 13, 2016, DEKERMENJIAN wrote a $50,000

check for contribution to Political Committee 2 in connection with an event to be hosted by KHAWAJA. The check falsely represented that it was a contribution from DEKERMENJIAN, when it was, in fact, made with monies funneled to him by KHAWAJA for the purpose of making the contribution and to avoid and exceed the personal contribution limits set by federal law. This caused Political Committee 2 to unwittingly file a false report with the FEC stating that the contribution was from DEKERMENJIAN, when it was not.

8. On or about October 12, 2016, KHAWAJA hosted an event for Candidate 1 in Las Vegas, Nevada, which was rescheduled from its original September 14 date. DEKERMENJIAN and others attended the event along with KHAWAJA.

9. On or about January 19, 2018, KHAWAJA wrote a $45,000 check to DEKERMEJIAN. On or about January 30, 2018, DEKERMENJIAN wrote a $50,000 check to Political Committee 7 in connection with an event hosted by KHAWAJA at his home on or about March 11, 2018. The check falsely represented that it was a contribution from DEKERMENJIAN, when it was, in fact, made with monies funneled to him by KHAWAJA for the purpose of making the contribution and to avoid and exceed the personal contribution limits set by federal law. This caused Political Committee 7 to unwittingly file a false report with the FEC stating that the contribution was from DEKERMENJIAN, when it was not.

**Conclusion**

10.     As a result of the scheme, DEKERMENJIAN willfully permitted his name to be used in connection with contributions in the amount of $100,000, made with monies funneled to him by KHAWAJA for the purpose making the contributions and to avoid and exceed the personal contribution limits set by federal law.

                              COREY R. AMUNDSON
                              Chief, Public Integrity Section
                              Criminal Division
                              U.S. Department of Justice

By:    *Michael J. Romano*
                              Michael J. Romano
                              James C. Mann
                              Trial Attorneys
                              Public Integrity Section
                              Criminal Division
                              U.S. Department of Justice

## DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I read every word of this Statement of Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 8/19/20

Rudy Dekermenjian
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and discussed it fully with my client, Rudy Dekermenjian. I concur with his decision to adopt and stipulate to this Statement of Offense as true and accurate.

Date: 8/19/2020

Michelle Peterson, Esq.
Christopher T. Berg, Esq.
Attorneys for Rudy Dekermenjian